WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Arnhoelter,<br><br>       Plaintiff,<br><br>v.<br><br>Armin Kaus, et al.,<br><br>       Defendants. | No. CV-20-00403-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Remand (Doc. 12). Contained within the Motion to Remand is a request for attorney fees. (Doc. 12 at 6–7). The Motion (Doc. 12) has been fully briefed. The Court now rules.

**I.   BACKGROUND**

Defendants removed this action to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. 1). Defendants asserted that the basis for removal was diversity jurisdiction under 28 U.S.C. § 1332(a)(2). (Doc. 1 at 1–2). In the removal notice, Defendants claimed that Plaintiff is a citizen of Germany and that Defendants are each a citizen of a state within the United States. (*Id.* at 2). More specifically, Defendants stated that Defendants Armin Kaus, Leeza Hughes, Klaus Sivec, and Marie Sivec are residents of Arizona and that Defendant Med Fibers, Incorporated ("Med Fibers") is a Wyoming corporation. (*Id.*).

Plaintiff then filed the Motion to Remand. (Doc. 12). Plaintiff avers that two defendants, Armin Kaus and Klaus Sivec are citizens of Austria and that they are lawfully

present in the United States as permanent residents. (Doc. 12-1 at 2–3). Defendants did not respond to that contention.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). United States district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are diverse. 28 U.S.C. § 1332(a). The parties are diverse when the matter is between "citizens of a State and citizens or subjects of a foreign state." *Id.* § 1332(a)(2). However, a case cannot be removed solely on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2).

The burden of establishing that removal is proper is on the defendant. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). If the party asserting lack of subject matter jurisdiction submits affidavits or other admissible evidence in support of the motion to remand, then the party opposing the motion must present affidavits or other admissible evidence to show that the court does have subject matter jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201, 203–04 (9th Cir. 1989) (affirming dismissal for lack of subject matter jurisdiction where defendants produced evidence that case was not ripe and plaintiffs failed to rebut that evidence); *Yhudai v. Mortg. Elec. Registration Sys., Inc.*, No. CV1505035MMMJPRX, 2015 WL 5826777, at *7 n.38 (C.D. Cal. Oct. 2, 2015); *Design Trend Int'l Interiors, Ltd. v. Huang*, No. CV-06-1987-PHX-LOA, 2007 WL 1146431, at *2 (D. Ariz. Apr. 18, 2007); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[I]f subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own." (citations omitted)). "Federal

1  jurisdiction must be rejected if there is any doubt as to the right of removal in the first
2  instance." *Gaus*, 980 F.2d at 566–67; *Morin v. Abercrombie & Fitch Stores, Inc.*, No.
3  07CV00885BENBLM, 2007 WL 2177033, at *1–2 (S.D. Cal. July 27, 2007) (remanding
4  case where citizenship of plaintiff was unclear, and thus, defendant failed to establish that
5  there was no "doubt as to the right of removal in the first instance").

6  **III.   ANALYSIS**

7  Plaintiff asserts the Court must remand this case because it lacks subject matter
8  jurisdiction. (Doc. 12 at 1). Defendants invoked diversity jurisdiction under § 1332(a)(2)
9  in the Notice of Removal. (Doc. 1 at 1–2). It is Defendants burden to establish diversity
10 jurisdiction. They failed to do so.

11 Section 1332(a)(2) states that there is diversity jurisdiction where the amount in
12 controversy exceeds $75,000 and the matter is between "citizens of a State and citizens or
13 subjects of a foreign state." § 1332(a)(2). In other words, there is complete diversity under
14 § 1332(a)(2) where there are citizens of the United States on one side of the matter and
15 foreign citizens or subjects on the other. *Nike, Inc. v. Comercial Iberica de Exclusivas*
16 *Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994); *Craig v. Atl. Richfield Co.*, 19 F.3d 472,
17 476 (9th Cir. 1994) ("[T]he case involved a single foreign plaintiff . . . and numerous
18 foreign defendants (in addition to U.S. defendants), thereby defeating diversity."); *see also*
19 *Saadeh v. Farouki*, 107 F.3d 52, 58 (D.C. Cir. 1997); *Arai v. Tachibana*, 778 F. Supp.
20 1535, 1543 (D. Haw. 1991).

21 Here, it appears that there are foreign citizens on both sides, and thus, the Court
22 lacks jurisdiction under § 1332(a)(2). It is undisputed that Plaintiff Frank Arnhoelter is a
23 citizen of Germany. (Doc. 1 at 2; Doc. 1-3 at 9). Defendants do not challenge any of
24 Plaintiff's assertions regarding the foreign citizenship of Armin Kaus and Klaus Sivec, and
25 Defendants do not cite any evidence in their Response (Doc. 22) illustrating that the Court
26 has jurisdiction under § 1332(a)(2). *See Yhudai*, 2015 WL 5826777, at *7 n.38
27 ("[A]dmissible evidence is required to carry a party's burden of showing that the district
28 court has subject matter jurisdiction to hear an action."). Considering that Defendants'

Response (Doc. 22) is silent as to Plaintiff's averments that Defendants Armin Kaus and Klaus Sivec are citizens of Austria,[1] there is doubt here that Defendants had a right to remove under § 1332(a)(2); therefore, remand is required.[2] *Gaus*, 980 F.2d at 566; *Morin*, 2007 WL 2177033, at *1–2; *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it *appears* that the district court lacks subject matter jurisdiction, the case shall be remanded." (emphasis added)).

Nonetheless, Defendants argue that any challenge for lack of subject matter jurisdiction has been waived. (Doc. 22 at 10–12). Defendants assert that an "alter ego" of Plaintiff, Med-Fibers Europe GmbH ("Europe"), "filed a lawsuit in [Maricopa County] Superior Court on July 22, 2019 against [Defendant] Med Fibers, which was removed, ***without any removal challenge by Europe which has since been waived.***" (*Id.* at 4) (footnotes omitted). Defendants contend that this case and the "prior case" filed on July 22, 2019, "are, in essence, one and the same." (*Id.* at 5–6). Apparently, then, at least according to Defendants, because of the "waiver" of state court jurisdiction in the prior case filed on July 22, 2019, here too, any challenge relating to subject matter jurisdiction has been waived. (*Id.* at 5–6, 10–12).

Even assuming that the waiver of an issue in a different case can have any effect on a related case, the Court must reject Defendants' argument as subject matter jurisdiction

---

[1] The Court recognizes that Plaintiff averred, on February 13, 2020, that Klaus Sivec "*was* a citizen of Austria." (Doc. 1-3 at 71, 77) (emphasis added). But, on March 2, 2020, Plaintiff averred that, "[t]o the best of my knowledge, Klaus Sivec *is* a citizen of Austria." (Doc. 12-1 at 2–3) (emphasis added). By contrast, in both averments, Plaintiff indicated that Armin Kaus "is a citizen of Austria." (Doc. 1-3 at 71; Doc. 12-1 at 2). While it appears there is inconsistency between the two averments regarding Plaintiff's statements as it relates to the citizenship of Klaus Sivec, the two statements are not necessarily contradictory. Moreover, all doubt must be resolved in favor of remand, especially considering Defendants made nothing of the apparent inconsistency in the Response (Doc. 22). *See Gaus*, 980 F.2d at 566–67. At any rate, Plaintiff stated in both averments that Armin Kaus "is a citizen of Austria," (Doc. 1-3 at 71; Doc. 12-1 at 2), which is sufficient to destroy diversity here considering Defendants' silence on the issue of diversity.

[2] The lawful permanent resident status of Armin Kaus and Klaus Sivec is irrelevant for purposes of establishing diversity under § 1332(a)(2). *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *Saadeh*, 107 F.3d at 55, 61; *Guan v. Bi*, No. 13-CV-05537-WHO, 2014 WL 953757, at *5–6 (N.D. Cal. Mar. 6, 2014); *see also* H.R. Rep. No. 112-10, at 7 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580.

cannot be waived. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c). Accordingly, no matter how much emphasis Defendants place on the word "waived"—whether it is underlined, italicized, or even bolded—the parties, whether through action or inaction, cannot vest this Court with jurisdiction it lacks. *See Gonzalez*, 565 U.S. at 141; *Silberstein v. U.S. Sec.*, 153 F. Supp. 3d 233, 236 (D.D.C. 2016). Defendants' waiver argument is devoid of relevant legal authority, which makes sense given that it is axiomatic that subject matter jurisdiction cannot be waived. Defendants' waiver argument therefore fails.

Defendants also turn to equitable principles. (Doc. 22 at 12–14). But, equity is of no concern when it comes to the issue of subject matter jurisdiction. *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins.*, 823 F.2d 302, 304 (9th Cir. 1987), *overruled on other grounds by Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991) (en banc) (per curiam); *Herod v. Potter*, 255 F. App'x 894, 896 (5th Cir. 2007) (rejecting party's argument regarding equitable considerations because the party did not show district court erred in dismissing case based on a lack of subject matter jurisdiction); *LPP Mortg. Ltd. v. Vasicek,* 227 F. Supp. 2d 1108, 1111 (D.N.D. 2002). Simply put, the Court cannot consider the equities in analyzing whether it has subject matter jurisdiction.

Alternatively, even if Defendants could show diversity jurisdiction here, removal would still be improper. Where a defendant seeks removal solely on the basis of diversity, removal is improper "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2). It is undisputed that Defendants Leeza Hughes and Marie Sivec are citizens of Arizona, the same state in which this action is brought and in which this Court sits.[3] (Doc. 1-3 at 9; Doc. 1 at 2; Doc. 12-1 at 2). Section 1441(b)(2) therefore precludes removal.

---

[3] It is true that § 1441(b)(2)'s text limits the prohibition to in-state defendants who are "properly joined and served." While Defendants did not raise any argument that Defendants Leeza Hughes and Marie Sivec were not properly joined and served, the Court still discusses it as Plaintiff noted that "Defendants Kaus, Hughes[,] and Sivec had not been

The Court again rejects Defendants' waiver argument, discussed above, as it relates to § 1441(b)(2)'s removal limitation. A party can waive a challenge under § 1441(b)(2) because § 1441(b)(2)'s removal limitation is procedural, not jurisdictional. *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006). Defendants contend that Plaintiff impermissibly split the claims in this case from the breach of contract claim brought in the prior case filed on July 22, 2019, and thus, according to Defendants, Plaintiff waived "the right to seek remand to state court and any argument that the state court had subject matter jurisdiction should carry over to this case since it is comprised solely of claims that are unbreakably linked with those in the [p]rior [c]ase." (Doc. 22 at 12). But, Defendants neither articulated the proper standard for evaluating whether Plaintiff engaged in impermissible claim-splitting nor did it adequately establish that Plaintiff impermissibly split claims. *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982) (discussing the standard for evaluating whether claims should have been brought together). Defendants also fail to cite any legal authority that supports their argument that impermissible claim splitting has any effect on whether a particular case should be remanded where there is a procedural defect under § 1441(b)(2). Defendants failed to meet their burden of establishing that § 1441(b)(2) does not bar removal here.

The vast majority of Defendants' Response (Doc. 22) details the Defendants' grievances with Plaintiff and his alleged "alter ego," Med-Fibers Europe GmbH. A list of grievances, however well-grounded they are, does not confer subject matter jurisdiction on a federal district court. Defendants have failed to carry their burden of showing this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) as there is doubt as to whether this dispute includes foreign parties on each side. The Court will therefore grant the Motion to Remand (Doc. 12).

---

served" prior to filing of the Notice of Removal (Doc. 1). (Doc. 12 at 2). That fact is irrelevant, as Plaintiff notes. (Doc. 12 at 4). "[T]he 'properly joined and served' language does not permit removal in all cases where an in-state defendant has not yet been served, but only those where the in-state defendant was fraudulently joined." *Rogers v. Gosney*, No. CV-16-08154-PCT-GMS, 2016 WL 4771376, at *3 (D. Ariz. Sept. 14, 2016). Defendants presented no evidence that Leeza Hughes or Marie Sivec were fraudulently joined.

## IV. ATTORNEY FEES

Plaintiff seeks attorney fees under § 1447(c) in the Motion to Remand. (Doc. 12 at 6–7). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). Attorney fees should not be awarded unless the removing party "had no objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Where the basis for removal is "clearly foreclosed," the party did not have an objectively reasonable basis for removal. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008); *see Nan Hanks & Assocs., Inc. v. Original Footwear Co.*, No. 217CV00027TLNKJN, 2018 WL 3155247, at *5 (E.D. Cal. June 26, 2018) (concluding that defendant did not have an objectively reasonable basis for removal as it was clear § 1441(b)(2)'s "no-local-defendant limitation" precluded removal); *Traeger Grills E., LLC v. Traeger Pellet Grills, LLC*, No. 3:11-CV-536-AC, 2011 WL 5439330, at *6 (D. Or. Nov. 9, 2011) (finding that defendant "lacked an objectively reasonable basis for asserting diversity" as defendant did not properly "investigate its own citizenship").

Defendants' brief in response to the Motion to Remand (Doc. 12) is telling. (Doc. 22). Defendants did not respond to Plaintiff's argument that the Court lacked diversity jurisdiction under § 1332(a)(2) or that removal was improper under § 1441(b)(2) because at least two defendants are citizens of Arizona. It appears that Defendants clearly failed to investigate whether they properly invoked diversity jurisdiction, and it seems they also did not do basic research on the removal process. It has not only been clearly foreclosed for some time that a foreign party on each side of a case destroys diversity under § 1332(a)(2), *see, e.g.*, *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) (citing *Montalet v. Murray*, 8 U.S. (4 Cranch) 46, 47 (1807)), but it is also clear, on the face of the removal statute, that a local defendant cannot remove a case on the basis of diversity, *see* § 1441(b)(2). There is no excuse for Defendants' failure to do basic legal research and factual investigation to ensure that they had an objectively reasonable

basis for removal. And, Defendants' argument that waiver and equitable considerations are relevant to the Court's jurisdictional analysis has also been clearly foreclosed. *See supra* pp. 4–5. In short, Defendants had no objectively reasonable basis for removal. *See Nan Hanks & Assocs., Inc.*, 2018 WL 3155247, at *5; *Traeger Grills E., LLC*, 2011 WL 5439330, at *6.

While Defendants are correct that Plaintiff has not yet complied with District of Arizona Local Rule of Civil Procedure 54.2, (Doc. 22 at 15), the Court finds entitlement to attorney fees under § 1447(c). Plaintiff's request for attorney fees will be granted but is limited to the reasonable fees it incurred in seeking remand. Plaintiff must establish the amount of its reasonable attorney fees in a motion that complies with Local Rule 54.2.

## V.     CONCLUSION

**IT IS ORDERED** that the Motion to Remand (Doc. 12) is **GRANTED**. The Clerk of Court shall **REMAND** this case to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED**, based on the Court's finding that Plaintiff is entitled to attorney fees under § 1447(c), that Plaintiff's request for attorney fees (contained within the Motion to Remand (Doc. 12)) is **GRANTED**, but only to the extent entitlement has been shown. Plaintiff must establish the amount of his reasonable attorney fees by motion. This motion must be filed within fourteen days of the date that this Order is filed. The motion for attorney fees must be limited to reasonable attorney fees incurred in seeking remand. The motion for attorney fees must be in accordance with District of Arizona Local Rule of Civil Procedure 54.2. The motion for attorney fees must be accompanied by an electronic spreadsheet, to be e-mailed to the Court and opposing counsel, containing an itemized statement of legal services with all information required by Local Rule 54.2(e). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested so as to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its memorandum of points and

authorities filed in support of its motion. A party opposing a motion for attorney fees shall e-mail to the Court and opposing counsel a copy of the moving party's spreadsheet adding any objections to each contested billing entry (next to each row, in an additional column) so as to enable the Court to efficiently review the objections and recompute the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the nonmoving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

Dated this 8th day of May, 2020.

_____
James A. Teilborg
Senior United States District Judge