**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Arnhoelter, | No. CV-20-00403-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Armin Kaus, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Frank Arnhoelter's Motion for Attorney's Fees (Doc. 27) and Motion to Strike (Doc. 38). The Court now rules.[1]

**I.    BACKGROUND**

Defendants removed this action to this Court pursuant to 28 U.S.C. § 1441(a), asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(2) as their basis for removal. (Doc. 1). Shortly afterward, Defendants moved to consolidate this case with another case, *Med-Fibers Europe GmbH v. Med Fibers Inc.*, No. CV-19-04962-DJH (D. Ariz. filed Aug. 15, 2019). (Doc. 11). Plaintiff then filed a motion seeking remand and for an award of attorney fees, requesting specifically that he "be granted his legal fees in bringing" the Motion to Remand. (Doc. 12 at 1, 8). The Court granted the Motion to Remand (Doc. 12) because there are foreign citizens on both sides in this case, or alternatively, because two defendants are citizens of Arizona. (Doc. 24 at 3–6).

---

[1] Although Defendants' Motion to Strike (Doc. 36) is also pending, Plaintiff withdrew the document Defendants sought to strike, (Doc. 37 (withdrawing Doc. 35)). The Court will therefore deny Defendants' Motion to Strike (Doc. 36) as moot.

The Court also found that Defendants "had no objectively reasonable basis for removal" and that Plaintiff therefore demonstrated entitlement to attorney fees under 28 U.S.C. § 1447(c). (Doc. 24 at 8 (citation omitted)). Consistent with Plaintiff's explicit request, the Court limited its grant of attorney fees to those "reasonable fees [Plaintiff] incurred in seeking remand." (Doc. 24 at 8). The Court then held that, before the Court would award fees, Plaintiff was required to file a motion for attorney fees that complied with District of Arizona Local Rule of Civil Procedure 54.2. (Doc. 24 at 8–9). Plaintiff then timely filed the instant attorney fees motion (Doc. 27).

## II.     LEGAL STANDARD

In remanding a case, courts may grant "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court may award attorney fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Supreme Court has recognized that "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Id.* at 140. Accordingly, "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. And while district courts retain discretion in granting awards under § 1447(c), their "reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Id.* (citation omitted).

Once a court has found that a party is entitled to attorney fees, it must then determine whether the fees requested are reasonable using the lodestar method. *Sankary v. Ringgold*, 601 F. App'x 529, 530 (9th Cir. 2015); *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). A fee award based on the lodestar method—which requires multiplying the reasonable hourly rate by the number of hours reasonably expended—is presumptively reasonable. *See Intel Corp. v. Terabyte Int'l Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).

Local Rule 54.2 provides the procedural vehicle for seeking an award of reasonable attorney fees. *See* LRCiv 54.2. The rule requires, among other things, that a party seeking

1 attorney fees file: (1) a memorandum in support of the motion for attorney fees, which must include a discussion of the reasonableness of the requested award, (2) any necessary supporting documentation, and (3) a task-based itemized statement of fees and expenses. LRCiv 54.2(c)–(e). A party must show that it is eligible for a fee award, that it is entitled to a fee award, and that the requested fee award is reasonable. LRCiv 54.2(c).

The party seeking fees has the burden of showing that the amount requested is reasonable. *See Moon v. Am. Family Mut. Ins.*, No. CV-18-00524-PHX-JAT, 2018 WL 3729762, at *1 (D. Ariz. Aug. 6, 2018). The task-based itemized statement required under Local Rule 54.2(e) must therefore "adequately describe the services rendered so that the reasonableness of the charge can be evaluated." *See* LRCiv 54.2(e)(2). Once the party establishes that the requested fee amount is reasonable, the burden shifts to the party opposing the motion to show that the amount is not reasonable. *Moon*, 2018 WL 3729762, at *1. The opposing party does this by separately identifying each time entry or expense item it disputes. *See* LRCiv 54.2(f).

## III. ANALYSIS

As noted, a party must establish eligibility to an award of fees, entitlement to an award, and the reasonableness of the request awarded. Here, the Court already found eligibility. (Doc. 24 at 7–9). The Court now discusses the other two requirements.

### a. Entitlement

The Court found in its May 8, 2020 order that Plaintiff is generally entitled to attorney fees under § 1447(c). (Doc. 24 at 7–9). Although Defendants state that they concede the propriety of the attorney fees award, (Doc. 30 at 2 n.2), they yet appear to contest Plaintiff's entitlement to said fees through two distinct arguments, (*id.* at 2, 8). The Court addresses each argument in turn before determining the reasonableness of Plaintiff's fee request.

#### 1. Defendants' Argument from Equity

Defendants first argue that because Plaintiff and his counsel allegedly committed ethical violations, Plaintiff's hands "are not fully clean," and thus any fee award should be

equitably reduced as a result. (Doc. 30 at 2–8). It is far from clear that equitable doctrines like unclean hands apply to fee awards under § 1447(c). *CarMax Auto Superstores, Inc. v. Sibley*, No. 3:16cv611, 2018 WL 6795838, at *2 (E.D. Va. Nov. 21, 2018) (rejecting defendant's argument that considerations under the unclean hands doctrine are relevant to an award of attorney fees under § 1447(c)). Indeed, while the plain text of § 1447(c) does refer to "just costs," there is no indication in the statute's text that matters related to equity are relevant to the ultimate decision to award attorney fees. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 833 n.9 (9th Cir. 2011) (questioning whether the unclean hands doctrine applies to a statutory fee-shifting provision that does not "use the word 'equity'" (citations omitted)). In any event, Defendants have not demonstrated that any of the alleged inequitable conduct has any bearing on the issues related to removal here.

Defendants' allegations of professional misconduct are simply not responsive to whether Plaintiff is entitled to fees "incurred as a result of the removal" or whether the fees requested are reasonable. *See* § 1447(c); LRCiv 54.2(c)(3). Nor are they relevant to the purpose of § 1447(c), which is to deter objectively unreasonable removals. *See Martin*, 546 U.S. at 140–41. The Court is mindful that a decision to "depart[] from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Id.* at 141 (citation omitted); *see also id.* ("[W]hen an issue is committed to judicial discretion, the judge's decision must be supported by a circumstance that has relevance to the issue at hand." (citation omitted)). Accordingly, the Court rejects Defendants' argument from equity and declines to apply the unclean hands doctrine to reduce Plaintiff's fee award.[2]

---

[2] Defendants' Supplement to Defendants' Response to Plaintiff's Motion for Attorney's Fees, (Doc. 34), is merely an extension of Defendants' argument from equity. Accordingly, it is irrelevant to the Court's analysis of Plaintiff's Motion for Attorney's Fees (Doc. 27). Plaintiff's Motion to Strike (Doc. 38) that document is therefore denied as moot.

**2.      Fees Incurred Relating to Defendants' Motion to Consolidate**

Second, Defendants assert that Plaintiff is not entitled to any fees incurred that are related to Defendants' Motion to Consolidate (Doc. 11).[3] (Doc. 30 at 8–10). Plaintiff disputes this assertion. (Doc. 33 at 8–10).

In its May 8, 2020 order, the Court limited its finding of entitlement to those fees Plaintiff "incurred in seeking remand," (Doc. 24 at 8), which reflected Plaintiff's request for fees incurred in bringing the Motion to Remand, (Doc. 12 at 8). Defendants have focused on this language and argue that the fees incurred relating to the Motion to Consolidate (Doc. 11) were not "incurred in seeking remand." (Doc. 30 at 8–10). However, by including a request for fees related to the Motion to Consolidate (Doc. 11) in the Motion for Attorney's Fees, (Doc. 27 at 6–8), Plaintiff has timely sought these fees.[4]

Because the Court has already determined that Plaintiff is generally entitled to attorney fees under § 1447(c), the relevant question is whether fees incurred related to the Motion to Consolidate (Doc. 11) were "incurred as a result of the removal." *See* § 1447(c). Expenses are incurred as a result of the removal when they are "a direct result of the removal," but not when they are only tenuously related to the removal. *Baddie v. Berkeley Farms*, 64 F.3d 487, 490 (9th Cir. 1995); *see also Moon*, 2018 WL 3729762, at *3 ("The time spent attending scheduling conferences is related to removal, because *but for* [defendant's] improper removal, [plaintiff's] attorneys would not have attended such conferences in federal court." (emphasis added)). For example, the cost of seeking remand of an improperly removed case is a direct result of removal, but expenses that merely

---

[3] Plaintiff also seeks fees incurred in seeking a motion to stay ruling on the Motion to Consolidate (Doc. 11) in the related case, *Med-Fibers Europe GmbH*, No. CV-19-04962-DJH. (Doc. 27-1 at 16–23; Doc. 42-2). The Court considers the fees incurred related to this motion to stay as part of the fees incurred in relation to the Motion to Consolidate (Doc. 11).

[4] The order granting remand was entered on May 8, 2020, which made Plaintiff eligible for an award of attorney fees under § 1447(c). (Doc. 24 at 8–9). The Motion for Attorney's Fees (Doc. 27) was filed thirteen days later on May 21, 2020, which was within the fourteen-day deadline set by Local Rule 54.2(b)(2) for seeking an award of fees. *See* LRCiv 54.2(a), (b)(2), (c)(1); (*see also* Doc. 24 at 8–9 (stating that Plaintiff's motion for attorney fees "must be filed within fourteen days of the date that this Order is filed")).

- 5 -

replace similar fees that would have been incurred in state court are only tenuously related to removal. *Baddie*, 64 F.3d at 490.

Here, the fees incurred related to Defendants' Motion to Consolidate (Doc. 11) were a direct result of the removal because, but for the improper removal of the case to federal court, Defendants could not have moved to consolidate the two cases. *See Moon*, 2018 WL 3729762, at *3; *Lotte Chem. Titan (M) Sendirian Berhad v. Wilder*, No. CIV.A. H-14-1116, 2014 WL 7151569, at *7 (S.D. Tex. Dec. 12, 2014) (stating "fees incurred in addressing the motion to hold in abeyance and in responding to the motion to consolidate in [the related] case would not have been incurred had this case remained in state court"). If Defendants had not removed and the case had remained in state court, there would have been no need to incur fees relating to the Motion to Consolidate (Doc. 11).[5] The fees incurred relating to the Motion to Consolidate (Doc. 11) were therefore incurred as a result of Defendants' improper removal and are recoverable under § 1447(c).

Further, an award of fees relating to the Motion to Consolidate (Doc. 11) is consonant with § 1447(c)'s purpose of providing "reimbursement to plaintiffs of wholly unnecessary litigation costs the defendants inflicted." *See Moore v. Permanente Med. Grp.*, 981 F.2d 443, 447 (9th Cir. 1992) (citation omitted). Here, Plaintiff sent a letter to Defendants asserting removal was improper, and thus, that the Motion to Consolidate (Doc. 11) would fail, and Plaintiff filed a motion to stay adjudication of the Motion to Consolidate (Doc. 11) until this Court had ruled on the Motion to Remand (Doc. 12). (*See* Doc. 19 at 1–2; Doc. 27-1 at 44–45). But Defendants opposed Plaintiff's request to stay. (Doc. 19; Doc. 19-1 at 2–3). Under these circumstances, Defendants cannot complain that Plaintiff incurred fees when Defendants could have avoided those fees by stipulating to stay adjudication of the Motion to Consolidate (Doc. 11) until this Court had ruled on the Motion to Remand (Doc. 12). *See Husko v. Geary Elec. Inc.*, 316 F. Supp. 2d 664, 674

---

[5] The Court notes that the case Defendants attempted to consolidate this case with—*Med-Fibers Europe GmbH*, No. CV-19-04962-DJH—involves a different party than Plaintiff. (*See* Doc. 30 at 8). However, Plaintiff's counsel avers that Plaintiff paid the fees incurred related to the Motion to Consolidate (Doc 11). (Doc. 27-1 at 4–5). Thus, Plaintiff incurred the fees as a result of the removal. *See* § 1447(c).

- 6 -

(N.D. Ill. 2004). Thus, the fees incurred relating to the Motion to Consolidate (Doc. 11) were wholly unnecessary and compensation is appropriate under § 1447(c).

The Court finds that Plaintiff is entitled to attorney fees under § 1447(c) for costs incurred in opposing the Motion to Consolidate (Doc. 11). The Court will not reduce the fee award for tasks performed in relation to the Motion to Consolidate (Doc. 11).

### b. Award Amount

Having found that Plaintiff is entitled to attorney fees incurred both in opposing the Motion to Consolidate (Doc. 11) and in seeking remand (Doc. 12), the Court turns to the lodestar method to determine whether Plaintiff's requested fee amount is reasonable. The Court will determine the reasonable hourly rate and reasonable number of hours expended and then multiply one by the other to determine the amount of reasonable attorney fees.

### 1. Reasonable Hourly Rate

A party seeking fees must prove that the hourly rate sought is reasonable. LRCiv 54.2(c)(3), (d)(4)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "[R]easonable fees 'are to be calculated according to the prevailing market rates in the relevant community . . . .'" *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009) (citation omitted). Parties seeking fees may "establish the appropriate rate for lodestar purposes" by submitting "declarations stating that the rate" sought is "the prevailing market rate in the relevant community," which is the forum where the district court sits. *Bouman v. Block*, 940 F.2d 1211, 1235 (9th Cir. 1991); *see Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "[R]ate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am.*, 896 F.2d at 407. Additionally, evidence that counsel has charged his usual rate for the type of work done is proof that the rate is reasonable. *See Moore v. James H. Matthews & Co.*, 682 F.2d 830, 840 (9th Cir. 1982). In fact, the rate charged by counsel is a good place to start as "the actual rate that [the attorney] can command in the market is itself highly relevant proof of the prevailing community rate." *Elser v. I.A.M. Nat'l Pension Fund*, 579 F. Supp. 1375,

1379 (C.D. Cal. 1984) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1326 (D.C. Cir. 1982)).

After consideration of the factors listed in Local Rule 54.2(c)(3) and review of the materials in the record, the Court finds that the charged rate of $350 is reasonable. Plaintiff has submitted affidavits sufficient to establish the prevailing market rate for lodestar purposes. In one such affidavit, the affiant, an attorney with experience comparable to that of Plaintiff's counsel, attested that his hourly rate is $400 and that prevailing hourly rates in Maricopa County range from $300 to $600. (Doc. 27-3 at 2–3). In another affidavit, an attorney attested that his hourly rate is $325 and that prevailing hourly rates in Maricopa County range from $300 to $750. (Doc. 27-4 at 2). Additionally, Plaintiff's counsel submitted a declaration stating that his standard hourly billing rate is $350, (Doc. 27-1 at 3), as well as a copy of the fee agreement he signed with Plaintiff, which reflects the hourly rate of $350, (*id.* at 10, 14). Case law further demonstrates that an hourly rate of $350 is a reasonable rate for the Phoenix legal market. *Edwards v. Vemma Nutrition*, No. CV-17-02133-PHX-DWL, 2019 WL 5684192, at *13 (D. Ariz. Nov. 1, 2019) (concluding that rates ranging from $215 to $350 were reasonable); *Kaufman v. Warner Bros. Entm't Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 2084460, at *12–13 (D. Ariz. May 13, 2019) (finding hourly rate of $552 reasonable). Together with the case law and the attorneys' affidavits, Plaintiff's evidence showing that his counsel has charged his usual rate is satisfactory evidence establishing the prevailing market rate.

In short, the hourly rate of $350 is reasonable. Indeed, Defendants have not contested Plaintiff's requested hourly rate. (*See* Doc. 30). The Court therefore finds that Plaintiff's requested rate of $350 per hour is reasonable.

### 2. Number of Hours Reasonably Expended

Plaintiff requests fees for 112.2 hours of work at $350 per hour, totaling $39,270.[6] Defendants raised specific objections to many of the time entries on Plaintiff's task-based

---

[6] It appears that there is an error in the spreadsheet filed by the parties. The total "time" cell reads "112.1," but the values in the column above actually sum to 112.2 hours. (*See* Doc. 42-2 at 5–8). The latter figure, multiplied by $350, yields the correct amount of $39,270 shown in the total "fees" cell. (*See id.* at 8). The Court will work off the

- 8 -

itemized statement of fees and expenses. (*See* Doc. 30 at 10–14; Doc. 30-7; Doc. 42-2). Defendants' objections fall into the categories of clerical work, excessive work, and block-billing. The Court considers each category of objections in turn.

### A. Clerical Work

Defendants object that thirty-three of Plaintiff's entries—totaling 10.80 hours and $3,780—describe clerical or administrative work which should not be reimbursed. (Doc. 30 at 10–14; Doc. 30-7; Doc. 42-2). The Court has reviewed the parties' spreadsheet and has compiled the tasks that Defendants objected to as clerical, which are included in a table below in Appendix A.

"[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them . . . '[The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.'" *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) (alterations in original) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)), *opinion vacated in part on other grounds on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993). For example, filing documents, document organization, and copying documents are purely clerical tasks. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Darling Int'l, Inc. v. Baywood Partners, Inc.*, No. C-05-3758EMC, 2007 WL 4532233, at *5 (N.D. Cal. Dec. 19, 2007). Where a party bills for clerical work, the amounts of any such entries may be subtracted from the total requested amount. *See Nadarajah*, 569 F.3d at 921; *Darling Int'l, Inc.*, 2007 WL 4532233, at *5. However, tasks "involv[ing] some legal skill as well as clerical skill" may be compensable. *Quade ex rel. Quade v. Barnhart*, 570 F. Supp. 2d 1164, 1167 (D. Ariz. 2008).

The Court first discusses which tasks are purely clerical. Plaintiff concedes that the tasks described on lines 9, 10, 11, 12, and 26 were purely clerical. (Doc. 33 at 10). The tasks total .8 hours and were billed for $280, which will be deducted from the award. (*See id.*).

---

documented 112.2 hours of work in the parties' spreadsheet, which totals to $39,270 in fees.

- 9 -

Certain tasks include a purely clerical task but have been block-billed with a task that involves legal skill.[7] These entries are on lines 21 and 23 of the table below and will be reduced by ten percent as it is difficult to tell how long the clerical task of copying took based on block-billing. *See Moon*, 2018 WL 3729762, at *3 (noting the discretion of the court to reduce block-billed hours to account for non-compensable activities); *Thermolife Int'l, LLC v. Myogenix Corp.*, No. 13-CV-651 JLS (MDD), 2018 WL 325025, at *12 (S.D. Cal. Jan. 8, 2018); *see also Welch v. Metro. Life Ins.*, 480 F.3d 942, 948 (9th Cir. 2007) (affirming district court's finding that party, who block-billed, "failed to carry her burden" as block-billing "makes it more difficult to determine how much time was spent on particular activities" (citations omitted)). The tasks were billed for 2.9 hours, which results in a reduction of .3 hours or $105. Though Defendant did not list an objection in the spreadsheet for clerical work for the two following entries, the Court finds that the entry dated, 2/25/2020, which describes, in part, "[r]ead and copy applicable cases," and the entry dated 2/29/2020, which reads, "[c]opy cases cited by Defendants in Motion to Consolidate and read cases," also block-bill compensable legal work with non-compensable clerical work. (Doc. 30-7 at 3; Doc. 42-2 at 5). These entries will therefore also be reduced by ten percent, which results in a reduction of .3 hours or $105 (from the total 2.9 hours billed). The total reduction of entries that have been block-billed with compensable and non-compensable tasks results in a reduction of .6 hours, which reduces the fee award by $210.

---

[7] Plaintiff's counsel avers that Plaintiff was not billed for "copy charges, for computerized legal research or for legal secretarial time expended in this matter," (Doc. 27-1 at 5), yet the charges billed on the invoice and the spreadsheet submitted with the Court include entries billed describing copying documents. Because Local Rule 54.2(e) requires a party seeking fees to submit a task-based itemized statement of the legal services rendered and a description of those services and the time spent on each task, the Court will base its calculations on the task-based itemized statement rather than the averment in counsel's affidavit which appears to be inconsistent with the task-based statement. *See also Thermolife Int'l, LLC v. Myogenix Corp.*, No. 13-CV-651 JLS (MDD), 2018 WL 325025, at *12 (S.D. Cal. Jan. 8, 2018) ("Block-billing an entry with both legal and non-legal tasks, without specifying the time spent on each, does not provide the [c]ourt with adequate information to evaluate the time spent on the legal tasks within the block and ensure non-legal tasks are excluded." (citation omitted)).

The Court finds that each of the other objected-to tasks included sufficient legal skill to constitute legal work—not *purely* clerical work. (*See* Doc. 42-2 (listing objections)). The Court will not reduce the fees billed for those tasks. For instance, some of Defendants' objections concern the time Plaintiff's counsel spent reviewing court orders and motions filed by Defendants,[8] but review of legal documents is non-clerical, compensable work. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2020 U.S. Dist. LEXIS 77422, at *184 (N.D. Cal. Apr. 30, 2020) ("[R]eceiving court orders is purely clerical . . . . Reviewing the [c]ourt's orders would be a different matter . . . ."); *G&G Closed Circuit Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2020 WL 1703630, at *3 & n.2 (D. Ariz. Apr. 8, 2020). Drafting a proposed order, even if perfunctory, involves at least some legal skill, and is thus, compensable as well. *See Silva v. Colvin*, No. EDCV 15-00154-DTB, 2016 WL 11520700, at *4 (C.D. Cal. Aug. 12, 2016); *Quade*, 570 F. Supp. 2d at 1167–68. Review and revision of documents that will be filed with the Court are also not purely clerical tasks.[9] *Royal All. Assocs. v. Mora*, No. 15-cv-03706-JST, 2016 WL 3346521, at *3 (N.D. Cal. June 16, 2016). And communication with one's client is compensable as it is an ethical obligation to "keep[] the client reasonably informed about the status of the matter and explain[] the matter to the extent reasonably necessary to permit the client to make informed decisions."[10] *Quade*, 570 F. Supp. 2d at 1167 (citation omitted); *see also* Ariz. Sup. Ct. R. 42, Ethical Rule 1.2; Ariz. Sup. Ct. R. 42, Ethical Rule 1.4. Each of the tasks described in the table below in Appendix A—aside from lines 9, 10, 11, 12, 21, 23, and 26 as noted—were not purely clerical such that they are non-compensable.

In total, the Court reduces Plaintiff's fee request by 1.4 hours or $490 to account for purely clerical work improperly billed as legal work. This reduction leaves Plaintiff with 110.8 hours in billed entries or $38,780 in fees.

---

[8] *See* Appendix A, *infra*, lines 1, 2, 18, 19, 28, 30, 32.

[9] *See* Appendix A, *infra*, line 33.

[10] *See* Appendix A *infra*, lines 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 20, 22, 24, 25, 27, 29, 31.

### B. Excessive Work

Defendants contest four of Plaintiff's entries on the basis that they reflect excessive work given the tasks listed. (Doc. 30 at 10, 12; Doc. 30-7; Doc. 42-2). In general, courts "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). "[T]he burden of producing a sufficiently cogent explanation can mostly be placed on the shoulders of the losing parties." *Id.* at 1116. "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Id.*

Each of Defendants' objections is conclusory and unpersuasive. (*See* Doc. 30 at 10, 12; Doc. 42-2). In one instance, Defendants object that the collective 0.7 hours Plaintiff requests for time spent preparing two proposed orders was excessive given the perfunctory nature of the work. (Doc. 30 at 12; Doc. 30-7 at 4; Doc. 42-2 at 6–7). In another instance, Defendants contend that two hours was too long to spend revising and cite-checking the reply to Defendants' response to the Motion for Attorney's Fees (Doc. 27). (Doc. 42-2 at 8). But a bare suggestion that time spent on a task is excessive is not enough to justify a substantial reduction in Plaintiff's fee award because, to make such a cut, it must be clear not only why the fee is excessive but also by how much. *Moreno*, 534 F.3d at 1112–13. Without any elaboration from Defendants, the Court does not find that any time entry was excessive. Thus, none of the fees requested in the objected-to entries will be reduced on account of excessive work.

### C. Block-Billing

Defendants contend that some of Plaintiff's entries were improperly block-billed. (Doc. 30 at 10–14; Doc. 30-7; Doc. 42-2). Block-billing is the practice of "lump[ing] together multiple tasks" within a billing statement, thereby "making it impossible to evaluate their reasonableness." *Welch*, 480 F.3d at 948 (citation omitted). The Court may reduce the requested fee amount to account for block-billed hours so long as it explains how the reduction fairly balances those hours. *Id.* The Court, however, will not reduce the

fee amount for entries that merely list "different parts of the same task," such that the reasonableness of the fees is still ascertainable. *See Fitzgerald v. City of Los Angeles*, No. CV 03-01876DDP(RZX), 2009 WL 960825, at *8 (C.D. Cal. Apr. 7, 2009).

The two entries that Defendants claim are block-billed actually list different parts of the same task. (Doc. 30-7 at 3–5; Doc. 42-2 at 5–6). The first entry from 3/1/2020 reads: "Prep email to [Plaintiff] re case status re removal and consolidation." (Doc. 30-7 at 3–4; Doc. 42-2 at 5). Both parts of this task are compensable because, as discussed, Plaintiff is entitled to fees incurred related to the Motion to Remand (Doc. 12) and the Motion to Consolidate (Doc. 11). And the Court has no difficulty determining that twelve minutes is a reasonable amount of time to take in preparing an email. The second objected-to entry is dated 3/12/2020. (Doc. 30-7 at 5; Doc. 42-2 at 6). The entry reads: "Long telephone conference call with Frank Arnhoelter re removal and consolidation, where the case stands and strategy moving forward." (Doc. 30-7 at 5; Doc. 42-2 at 6). This entry describes one task—a phone call between Plaintiff and counsel relating to the case. As noted above, it is a lawyer's ethical duty to keep the client abreast of the case's status and to ensure that the client's objectives are being effectuated, *Quade*, 570 F. Supp. 2d at 1167, and it is of no import that the call touched on two distinct issues within the case—i.e., removal and consolidation. The Court finds the fees requested for both entries to be reasonable.

## IV.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. 27) is **GRANTED** in the amount of $38,780 plus post-judgment interest at the federal statutory rate of .13% per annum pursuant to 28 U.S.C. § 1961(a) from the date of the judgment until paid in full. The Clerk of Court shall enter judgment in Plaintiff Frank Arnhoelter's favor against Defendants, jointly and severely, accordingly.

1   **IT IS FURTHER ORDERED** that Defendants' Motion to Strike (Doc. 36) and
2   Plaintiff's Motion to Strike (Doc. 38) are **DENIED** as moot.
3   Dated this 12th day of August, 2020.

James A. Teilborg
Senior United States District Judge

# APPENDIX A[11]

| Line | Date | Task | Time |
|---|---|---|---|
| 1 | 2/24/2020 | Examine Notice of Removal and related Pleadings. | 0.30 |
| 2 | 2/25/2020 | Examine court order re time for plaintiff to file motion to remand. | 0.10 |
| 3 | 2/28/2020 | Forward Motion to Consolidate to client with an explanation of what the Motion means and how to respond to that Motion. | 0.30 |
| 4 | 2/28/2020 | Forward copy of letter sent to Defendants' counsel to client with an explanation of procedures and expected outcome. | 0.20 |
| 5 | 3/1/2020 | Prep email to Frank Arnhoelter re case status re removal and consolidation. | 0.20 |
| 6 | 3/3/2020 | Emails w/ Frank Arnhoelter re his declaration in support of remand. | 0.10 |
| 7 | 3/3/2020 | T/C w/ client re points to be raised in his Declaration with respect to the Motion to Remand. | 0.30 |
| 8 | 3/4/2020 | Emails from client re questions about remand procedure and timing.  Respond to client's emails. | 0.30 |
| 9 | 3/4/2020 | Prep exhibits to accompany Motion to Remand. | 0.30 |
| 10 | 3/4/2020 | File Motion to Remand and exhibits with the Court.  Email to Defendants' counsel. | 0.20 |
| 11 | 3/4/2020 | Email to Court with Form of order in Word and Motion to Remand and exhibits in PDF. | 0.10 |
| 12 | 3/4/2020 | Email filed motion to remand to client | 0.10 |

---

[11] The following table has been copied verbatim from the parties' electronic spreadsheet, (*see* Doc. 42-2), and thus, errors are from the original.

| | | | | |
|---|---|---|---|---|
| 13 | 3/4/2020 | T/C w/ client re filing Motion to Remand and where we go from here. | | 0.20 |
| 14 | 3/5/2020 | Email to client and to German counsel re giving Defendants' Counsel additional time to respond to Motion to Remand. | | 0.10 |
| 15 | 3/12/2020 | Email from client re question about Motion to Remand and respond. | | 0.10 |
| 16 | 3/17/2020 | T/C w/ client re what are the next steps re Motion to Remand. | | 0.20 |
| 17 | 3/18/2020 | Emails to client re status of remand action and email copies of documents. Examine response from client. | | 0.30 |
| 18 | 3/18/2020 | Examine Motion to Extend Time to Respond to Motion to Remand & order from Defendants' counsel. | | 0.10 |
| 19 | 3/19/2020 | Examine Court Notice re Entry of Order Extending Time to Respond to Motion to Remand. | | 0.10 |
| 20 | 3/25/2020 | T/C with client re Motion to Remand and Consolidation issues. | | 0.40 |
| 21 | 3/31/2020 | Copy and read cases cited by Defendants in Opposition to Plaintiff's Motion to Stay Adjudication of Motion to Consolidate. | | 1.30 |
| 22 | 4/2/2020 | T/C w/ client re issues raised by Defendants in Response to Motion To Stay Adjudication. | | 0.30 |
| 23 | 4/3/2020 | Copy cases cited by Defendants in Opposition to Motion to Remand and read cases. | | 1.60 |
| 24 | 4/4/2020 | T/C w/ client re issues raised by Defendants in Motion to Remand and personal attacks on client as a means to cloud issue of whether removal was proper. | | 0.40 |
| 25 | 4/8/2020 | T/C w/ client re finalizing his declaration in support to Reply to Motion to Remand. | | 0.20 |
| 26 | 4/9/2020 | Email of filed copy of Reply to Motion to Remand to client. | | 0.10 |

| 27 | 5/2/2020 | Email from client re status of remand and when court might rule and respond. | 0.10 |
|---|---|---|---|
| 28 | 5/8/2020 | Examine court's order granting Motion to Remand. | 0.20 |
| 29 | 5/8/2020 | Email to client with copy of court's order and counsel's comments on the order. | 0.20 |
| 30 | 5/11/2020 | Examine court order denying Motion to Consolidate. | 0.10 |
| 31 | 5/15/2020 | T/C with client re how to respond to defendants settlement offer. | 0.20 |
| 32 | 6/1/2020 | Examine draft order and motion from Defendants' counsel re extension of time to respond to fee motion. Email back approval. | **0.10** |
| 33 | 6/15/2020 | Final revisions to Reply to Defendants' Response to Plaintiff's Motion for Attorneys' Fees and cite check cases. | **2.00** |